PEDRO BEAUCHAMP, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1019. Submitted April 9, 1938.—Decided May 25, 1938.

*Pedro Beauchamp, in pro. per.,* for appellant.   The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

A registrar of property refused to record a marshal's deed to property sold under execution, to satisfy a money judgment against a married man.   The registrar based his ruling on reasons stated as follows:

". . . because it appears that the property sold at public sale is recorded in this registry in the following manner:  A one-half joint ownership in the name of Paula Sandoval in her private capacity, acquired by inheritance, and the other half in the name of Arturo Vázquez and of his wife, Paula Sandoval; it appears from the original record of the suit which gave rise to this sale (which record we have had before us) that judgment in this case was rendered refusing to grant the complaint in all its parts, expressly as far as defendant Paula Sandoval, is concerned, and granting the complaint as to defendant, Arturo Vázquez; the sale to plaintiff, Pedro Beauchamp, of all right, title and interest which the defendant, Arturo Vázquez, might have had in the property is not recordable because the judgment can be made effective only on private property of the defendant, Arturo Vázquez, and the record sought in the name of the purchaser would amount to a transfer of the private joint ownership of Paula Sandoval the wife of defendant, when she has been released from the complaint; the title as to the joint ownership which both defendants have in the property by nature of their community right is not recordable, because that would amount to a division of the community of the conjugal partnership, which division can not be made through the recording which is sought, inasmuch as it does not appear that said partnership has been dissolved.   Title is recorded subject to certain liens."

In *Succession of García* v. *Registrar,* 16 P.R.R. 742, this court held, as stated in the headnote, that—

"Until the dissolution of the conjugal partnership and its consequent liquidation, the wife does not acquire any interest therein that may be attached or executed by reason of obligations of a private character other than those for which she can bind the conjugal partnership under section 1323 of the Civil Code."

In *Hernández* v. *Registrar,* 19 P.R.R. 260, this court said:

"We do not quite agree with the registrar when he says that it cannot be determined whether there is ganancial property until there is a dissolution, as such a principle would leave a creditor of a married person without redress and be against the principle announced in the case of *Manuel Truyol Borges* v. *The Registrar,* 18 P.R.R. 901, and the cases there cited. A creditor has a remedy.

"However, we do agree with the registrar that the property of the conjugal society cannot be made subject to the private debts of one of the spouses arising independently and outside of the matrimonial relation until either the marriage is dissolved by death or otherwise, or until by a proper proceeding in court such property is segregated or made subject to the individual debt as indicated and required by section 1325 of the Civil Code. Such a segregation or subjection cannot be ordered until, as determined in section 1325, it has been shown that the individual spouse has no private property available, and also that the claims against the ganancial property do not exhaust the same.

"In the case before us the two debts mentioned arose out of the estate (*caudal*) of Inocencia Cuascú. The heirs probably took without benefit of inventory, but whether this is so or not the interest of any one of such heirs in an existing conjugal society cannot be attached or an annotation obtained without a showing that there is no private property of such person and otherwise complying with section 1325."

In the instant case, Vázquez and his wife were made defendants in an action on an account. After a trial on the merits, a municipal judge dismissed the action as to the wife, and rendered judgment against the husband. There is nothing to show that plaintiffs sought to make "the property of the conjugal society" subject to a private debt of

one of the spouses. There was no attachment or sale of community property as such. The only property attached or sold was such right, title and interest as the husband might have in certain community property. Certainly, such an attachment and sale could not affect in any way the separate property of the wife. The only two cases cited by the registrar in support of his ruling are *Succession of García* v. *Registrar, supra,* and *Hernández* v. *Registrar, supra.* They do not go as far as the registrar would have us go.

The instant case comes within the principle of *Truyol* v. *Registrar, supra.* See also: *Bank of Nova Scotia* v. *Carle,* 52 P.R.R. 681; *Carle* v. *Benítez,* 46 P.R.R. 182; and *Banco Español de P. R.* v. *Bolívar,* 7 P.R.R. 68.

The ruling appealed from must be reversed and record ordered.